UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

PETHROD DUNNIGAN,

        Defendant.

**DECISION AND ORDER**

1:15-CR-00202 EAW



---

## **BACKGROUND**

On February 8, 2018, Defendant Pethrod Dunnigan ("Defendant") pleaded guilty to two counts of the second superseding indictment returned on March 17, 2016 (Dkt. 49): Count 1, charging a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine; and Count 2, charging a violation of 18 U.S.C. § 1956(h), conspiracy to commit money laundering. (*See* Dkt. 231; Dkt. 230; Dkt. 233). Defendant's plea agreement was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and called for a term of imprisonment of 156 months. (Dkt. 230 at 6). On June 7, 2018, the Court accepted the plea agreement and sentenced Defendant to 156 months in the custody of the Bureau of Prisons on each of Counts 1 and 2, to run concurrently, as well as five years of supervised release on Count 1 and three years on Count 2, to run concurrently to Count 1. (Dkt. 256; Dkt. 257).

Currently before the Court is a *pro se* motion filed by Defendant on March 14, 2019, asking the Court to reduce his sentence from 156 months of imprisonment to 78 months of imprisonment, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act"). (Dkt. 313; Dkt. 345). The Government opposes the motion. (Dkt. 344). For the reasons set forth below, the Court concludes that Defendant is not eligible for the relief he seeks, and accordingly denies his motion.

## DISCUSSION

"On December 21, 2018, Congress enacted and the President signed into law the First Step Act of 2018[.]" *United States v. Powell*, 360 F. Supp. 3d 134, 138 (N.D.N.Y. 2019). Defendant has failed to explain in his motion what provisions of the First Step Act he contends provide for a reduction in his sentence. Importantly, "the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'" *United States v. Wiseman*, No. 18-3904, 2019 WL 3367615, at *3 (6th Cir. July 26, 2019) (quoting Pub. L. No. 115-391, 132 Stat. 5194, § 401(c)). In this case, Defendant was sentenced prior to the enactment of the First Step Act, and so its forward-looking provisions simply do not apply to him. *See id.* ("The First Step Act had an effective date of December 21, 2018, but [the defendant] was sentenced on September 19, 2018. He therefore cannot benefit from the First Step Act as he was sentenced prior to its effective date and its limited retroactivity does not apply to him." (internal citations omitted)).

It is true that § 404 of the First Step Act "makes retroactive . . . certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010." *Id.*; *see also Powell*, 360 F. Supp. 3d at 138 (explaining that the First Step Act "effectively authorizes a district court to give retroactive effect to the statutory penalty provisions of the Fair Sentencing Act of 2010, Public Law 111-220"). However, the retroactive provisions of § 404 of the First Step Act do not apply to Defendant. As one judge in this District recently explained:

> To be eligible for relief under [§ 404 of] the First Step Act, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. Under the plain language of the Act, whether an offense is a "covered offense" is determined by examining the statute that the defendant violated. If that statute is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act, it is a "covered offense."

*United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) (citations omitted); *see also United States v. Hall*, No. 7:10-CR-52, 2019 WL 1212108, at *2 (W.D. Va. Mar. 14, 2019) ("Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." ). "The Fair Sentencing Act modifies the statutory sentencing range only for crack cocaine offenses." *Valdez Hernandez v. FCI La Tuna*, No. EP-19-CV-112-PRM, 2019 WL 1925897, at *2 (W.D. Tex. Apr. 30, 2019)

In this case, the offenses of which Defendant was convicted occurred beginning in 2013 and continuing through 2016—in other words, after August 3, 2010. (*See* Dkt. 230 at 3-4). Moreover, they were not crack cocaine offenses. Accordingly, Defendant's offenses are

not "covered offenses" as defined in § 404 of the First Step Act. *See id.* ("Petitioner's conviction is not for a 'covered offense.' Specifically, Petitioner's conviction is for an offense involving methamphetamine committed after August 3, 2010; therefore, his conviction is not for an offense involving crack cocaine committed before August 3, 2010."); *see also United States v. Medina*, No. 3:05-CR-58 (SRU), 2019 WL 3769598, at *2 (D. Conn. July 17, 2019) (explaining that convictions involving powder cocaine, as opposed to crack cocaine, are not covered offenses under the First Step Act); *United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019) (same).

Moreover, as the Government points out, the First Step Act did not modify Defendant's statutory or Guidelines sentencing range such that he would potentially be eligible for modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). In particular, while the First Step Act modified the manner in which safety valve eligibility is calculated and further modified the manner in which mandatory minimum sentences are calculated for certain repeat drug traffickers, neither of these provisions impact Defendant.

First, with respect to safety valve eligibility, § 402 of the First Step Act amends 18 U.S.C. § 3553(f), "and provides a defendant may receive a sentence without regard to any statutory minimum sentence if: (1) the defendant does not have—(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; (B) a prior 3-point offense, as determined under the sentencing guidelines; and (C) a prior 2-point violent offense, as determined under the

sentencing guidelines[.]" *United States v. Tracy*, No. 1:18-CR-00081-JAW, 2019 WL 1409841, at *4 (D. Me. Mar. 28, 2019) (quotation omitted). In this case, Defendant had a prior 3-point offense (a 2010 New York State felony criminal possession of a weapon conviction). (*See* Dkt. 252 at 25-26). Accordingly, even after enactment of the First Step Act, he was not eligible for safety valve relief.

Second, with respect to the changes to mandatory minimums for repeat drug traffickers, the Government did not file an information under 21 U.S.C. § 851 in this case seeking to establish a qualifying prior conviction, and Defendant was not sentenced as a recidivist. Accordingly, Defendant does not qualify for resentencing on this basis.

In sum, none of the provisions of the First Step Act provide any substantive basis for reducing Defendant's sentence of imprisonment, and Defendant's motion must be denied. Accordingly, the Court need not and does not reach the Government's alternative argument that Defendant lacks any procedural avenue to seek a reduction. (*See* Dkt. 344 at 3).

## **CONCLUSION**

For the foregoing reasons, the Court denies Defendant's motion for a reduction of his sentence pursuant to the First Step Act. (Dkt. 313; Dkt. 345).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 9, 2019
Rochester, New York